UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 09-00242 (MJD/FLN)

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **DISCLOSURE OF POLYGRAPH** |
| v. | ) | **EXAMINATIONS** |
| | ) | |
| MAHAMUD SAID OMAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | _____ |

Defendant Omar, pursuant to his Fifth Amendment rights to due process, moves the Court to require the Government to disclose to the defense immediately all evidence or information known to the Government, including all prosecuting agencies involved in the case, regarding polygraph examinations of any witness to be called by the Government at trial, of any person interviewed by the Government in connection with the investigation of this case, and, of any hearsay declarant whose statement the Government intends to offer into evidence through another witness or through a document or other exhibit.

Although in United States v. Scheffer, 523 U.S. 303, 311, 118 S.Ct. 1261, 1265-66 (1998), the Supreme Court in affirming the ban on polygraph evidence under Military Rule of Evidence 707 held that a criminal defendant has no constitutional right to the presentation of polygraph evidence, the decision recognized that a number of federal courts leave the issue of the admissibility of such evidence to the discretion of the district courts under the principles of Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579,

1

113 S.Ct. 2786 (1993). See e.g., United States v. Posado, 57 F.2d 428, 434 (5th Cir. 1995); United States v. Cordoba, 104 F.3d 225, 228 (9th Cir. 1977); United States v. Piccinonna, 885 F.2d 1529, 1536 (11th Cir. 1989)(Polygraph results admissible under certain conditions "to impeach or corroborate the testimony of a witness at trial."); Jacobs v. Singletary, 952 F.2d 1282, 1287-1289 (11th Cir. 1992)(Brady violation for failure to disclose polygraph examination because statements during examination were inconsistent with trial testimony and the "report was likely to have been particularly compelling to jurors because it was monitored by a polygraph."); Carter v. Rafferty, 826 F.2d 1299, 1306-1308 (3rd Cir. 1987)(same);   Rule 806 of the Federal Rules of Evidence; but see Wood v. Bartholomew, 516 U.S. 7, 116 S.Ct. 7 (1995)(The Court found no Brady violation because under state law the results of the polygraph were per se inadmissible and the defendant had failed to show how he would have otherwise exploited the polygraph examination.).

Although at one time the Eighth Circuit absolutely barred the admission of polygraph evidence absent a stipulation of the parties, Anderson v. United States, 788 F.2d 517, 519, fn. 1 (8th Cir. 1986); United States v. Gordon, 688 F.2d 42, 44 (8th Cir. 1982); United States v. Alexander, 526 F.2d 161, 166 (8th cir. 1975), these cases were decided prior to the Supreme Court's decision in Daubert. As a consequence, questions have been raised regarding the continued viability of these decisions. United States v. Rouse, 329 F.Supp.2d 1077, 1083 (D.S.D. 2004).

Given this legal landscape, the evidence or information Mr. Omar seeks could be arguably favorable to him on guilt/innocence or sentencing and should be provided to the

defense immediately so that it can be effectively used by the defense at trial. See Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 474 U.S. 667 (1985); Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555 (1995); Williams v. Dutton, 400 F.2d 797, 800 (5th Cir. 1960). Moreover, whatever the admissibility of the polygraph results, the fact of the polygraph and the nature of the responses under these unusual circumstances may lead by way of further investigation to exculpatory information. See, e.g. United States v. Anderson, 788 F.3d at 519-520.

Accordingly, Defendant Omar respectfully requests that the Court order the Government to produce to the defense immediately the information requested herein.

Respectfully submitted,

GASKINS BENNETT BIRRELL SCHUPP, LLP

Dated: 2/3/2012          s/ Andrew S. Birrell
                         Andrew S. Birrell (#133760)
                         333 South Seventh Street, Suite 2900
                         Minneapolis, MN 55402
                         (612) 333-9500

                         FELHABER LARSON FENLON & VOGT, PA


                         s/ Jon M. Hopeman
                         Jon M. Hopeman (#47065)
                         220 South Sixth Street, Suite 2200
                         Minneapolis, MN 55402
                         (612) 339-6321

                         ATTORNEYS FOR DEFENDANT

3