UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 09-00242 (MJD/FLN)

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION TO** |
| | ) | **RETAIN ROUGH NOTES** |
| v. | ) | **AND EVIDENCE** |
| | ) | |
| MAHAMUD SAID OMAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

_____

Defendant Omar, by and through his undersigned counsel, pursuant to Title 18, United States Code, Section 3500 et. seq., Brady v. Maryland, 375 U.S. 83 (1963), and Rule 16 of the Federal Rules of Criminal Procedure, moves the Court for an order requiring any law enforcement agent, including any confidential reliable informants, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records.  In addition, defendant moves for an order directing any and all officials involved in this case to preserve the evidence seized in the course of their investigation.  Defendant so moves on the following grounds:

1. Rough notes are considered statements within the meaning of the Jencks Act, Title 18, United States Code, Section 3500(e)(1); United States v. Bernard, 607 F.2d 1257 (9th Cir. 1979); United States v. Gaston, 608 F.2d 607 (5th Cir. 1979);

2. Destruction of rough notes by law enforcement officials usurps the judicial function of determining what evidence must be produced. United States v. Harris, 543 F.2d 1247 (9th Cir. 1976);

3. The rough notes may be deemed exculpatory evidence within the meaning of Brady and its progeny;

4. The evidence seized is directly relevant to issues ranging from defendant's guilt or innocence to sentencing considerations. Its inspection and use is provided for under Rule 16(c) of the Federal Rules of Criminal Procedure, will be rendered impossible if is altered or destroyed.

5. Courts require the Government to preserve rough notes and like materials pending a determination as to whether such materials must be disclosed to the defense under Brady and its progeny or under the Jencks Act. United States v. Lujan, 530 F. Supp. 2d 1224, 1265 (D.N.M. 2008); United States v. Cooper, 283 F. Supp. 2d 1215, 1238 (D. Kan. 2003); United States v. Floyd, 247 F. Supp. 2d 889, 899 (S.D. Ohio 2002).

6. Moreover, the defense is entitled to use rough notes and like materials for cross-examination. Preservation of rough notes and like materials is necessary to protect Mr. Omar's right to effective assistance of counsel under the Sixth Amendment.

This motion is based on the indictment, the United States Constitution, the records and proceedings herein, such testimony as may be presented at the motion, and any briefing which the court may require thereafter.

Respectfully submitted,

GASKINS BENNETT BIRRELL SCHUPP, LLP

Dated:   2/3/2012         s/ Andrew S. Birrell
Andrew S. Birrell (#133760)
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500

FELHABER LARSON FENLON & VOGT, PA

  s/ Jon M. Hopeman
Jon M. Hopeman (#47065)
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402
(612) 339-6321

ATTORNEYS FOR DEFENDANT

3