UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 09-00242 (MJD/FLN)

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION TO** |
| | ) | **COMPEL DISCLOSURE OF** |
| v. | ) | **EVIDENCE FAVORABLE TO** |
| | ) | **DEFENDANT** |
| MAHAMUD SAID OMAR, | ) | |
| | ) | |
| Defendant. | ) | |

_____)_____

Defendant Omar, by and through his undersigned counsel, moves the Court for an

Order compelling disclosure of evidence favorable to the defendant, pursuant to the

authority of Brady v. Maryland, 373 U.S. 83 (1963); Miller v. Pate, 386 U.S. 1 (1967);

Giles v. Maryland, 386 U.S. 66 (1967);  Moore v. Illinois, 408 U.S. 786 (1972), and the

United States Constitution.  Such evidence should include information in the possession

of the prosecution or any of its agents, or other evidence the existence of which is known,

or by the exercise of due diligence may become known to the prosecution, which: (1)

may be favorable to the defendant, (2) could reasonably weaken or affect any evidence

that may be introduced against the defendant, (3) is otherwise relevant to the subject

matter of this case and may in any manner aid the defendant in the investigation or

preparation of his case for trial or sentencing.

Defendant moves that this Order direct the prosecution to review the files of all

agencies involved in the case to determine whether any additional exculpatory material

exists and to disclose such material to the defense, and that it further direct all law enforcement agencies involved in any way with this case and its underlying investigation disclose all exculpatory materials.

Defendant further moves that this disclosure is to be made without regard to whether the evidence may be admissible and that it shall include, but not be limited to, the following:

1.  Any identification of persons other that the defendant by eyewitnesses to the crime.

2.  Any failure to identify the defendant by any eyewitnesses to the crime.

3.  Any statements of witnesses whether indicted or not, exculpating the defendant

4.  Any statements of witnesses, whether indicted or not, which contradict statements of other witnesses.

5.  Any reports of interviews relating to Nos. 3 and 4.

6.  Any fingerprints, handwriting or other scientific evidence which was not identified with this defendant.

7.  Any items seized from parties not charged which tend to identify them rather than the defendant with commission of the crime.

8.  Any prior convictions of prospective government witnesses.

9.  Any offers or promises made to prospective government witnesses to induce their cooperation against the defendant whether or not the government intends to call those persons as witnesses.

10. Any photographs used by the government agents in their investigation to identify defendant or his co-defendants.

11. All pieces of identification bearing any of defendant's names in combinations different than that appearing on the caption of the indictment.

2

12. Permission of the defendant to inspect and copy the results of any physical or mental examinations or scientific tests or experiments, including but not limited to fingerprint, blood, tissue, fluid or chemical analyses.

Respectfully submitted,

GASKINS BENNETT BIRRELL SCHUPP, LLP

Dated:   2/3/2012            s/ Andrew S. Birrell
Andrew S. Birrell (#133760)
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500

FELHABER LARSON FENLON & VOGT, PA

  s/ Jon M. Hopeman
Jon M. Hopeman (#47065)
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402
(612) 339-6321

ATTORNEYS FOR DEFENDANT