UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 09-00242 (MJD/FLN)

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION** |
| | ) | **FOR EARLY DISCLOSURE** |
| v. | ) | **OF JENCKS ACT MATERIALS** |
| | ) | |
| MAHAMUD SAID OMAR, | ) | |
| | ) | |
| Defendant. | ) | |

_____)_____

Defendant Omar, by and through his undersigned counsel and pursuant to Rule 12 of the Federal Rules of Criminal Procedure, moves this Court to enter an order requiring the Government to submit Jencks Act materials to the defendant at least two weeks prior to the commencement of the trial. This motion is based upon the United States Constitution, Fed. R. Crim. P. 26.2, the Jencks Act, 18 U.S.C. § 3500, and Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. The defense further bases this motion on the following:

1. The Jencks Act contemplates "not only the furnishing of the statements of a witness but a reasonable opportunity to examine it and prepare for its use at trial." United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983).

2. [S]ound trial management . . . dictate[s] that Jencks Act material should be transmitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d

126, 132 (2d Cir. 1974). The interests of due process, effective assistance of counsel, and fair and efficient conduct of a criminal trial overshadow the time restrictions of the Jencks Act. United States v. Narciso, 446 F. Supp. 252, 271 (E.D. Mich. 1977); see also United States v. Moceri, 359 F. Supp. 431, 439 (N.D. Ohio 1973) (if denial of pretrial discovery prejudices defendant's fair trial, the application of the Jencks Act to those facts could be unconstitutional).

3. AUSAs in this district frequently disclose Jencks Act material early – a practice which is both prudent and encouraged by the federal bench. See, e.g., United States v. Winningham, 953 F. Supp. 1068, 1071 & n.4 (D. Minn. 1996).

4. Moreover, courts may and do order early disclosure of Jencks Act statements consisting of Brady material, see, e.g., United States v. Grant, 256 F. Supp. 2d 236, 244 (D. Del. 2003), that could be admissible under the co-conspirator exception to the hearsay rule, see, e.g., United States v. Murgas, 967 F. Supp. 695, 713 (N.D.N.Y. 1997), or that could bind a defendant, see, e.g., United States v. Chalmers, 410 F. Supp. 2d 278, 292 (S.D.N.Y. 2006).

Based on the foregoing, and to ensure an efficient disposition of the present case, defendant requests the Court order the Government disclose: all statements and reports in the possession of the United States which were made by Government witnesses or prospective Government witnesses and which relate to the subject matter about which those witnesses may testify, 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2; and statements of any alleged co-conspirator or informant particularly if the statement contains exculpatory

material, if it is alleged that the declarant could bind a defendant, or if the statement is

purportedly admissible under the co-conspirator exception to the hearsay rule.

Respectfully submitted,

GASKINS BENNETT BIRRELL SCHUPP, LLP

Dated:   2/3/2012        s/ Andrew S. Birrell
Andrew S. Birrell (#133760)
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500

FELHABER LARSON FENLON & VOGT, PA


s/ Jon M. Hopeman
Jon M. Hopeman (#47065)
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402
(612) 339-6321

ATTORNEYS FOR DEFENDANT