UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 09-00242 (MJD/FLN)

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **IMPEACHING INFORMATION** |
| v. | ) | **AND EXCULPATORY EVIDENCE** |
| | ) | |
| MAHAMUD SAID OMAR, | ) | |
| | ) | |
| Defendant. | ) | |

_____)_____

Defendant Omar, by and through his undersigned counsel, hereby moves the Court, pursuant to U.S. Const., amends. V and VI; Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); United States v. Giglio, 405 U.S. 150 (1972); Brady v. Maryland, 373 U.S. 83 (1963); Napue v. Illinois, 360 U.S. 264 (1959); Smith v. Cain, 10-8145 (Slip Op. Jan. 10, 2012); Cone v. Bell, 129 S. Ct. 1769, 1773 (2009); and Banks v. Dretke, 540 U.S. 668, 775 (2004) for entry of an Order directing the Government forthwith to make inquiry and disclose all of the following within the possession, custody or control of the Government, or the existence of which is known or by the exercises of due diligence could become known to the Government:

1. Any and all records and information revealing felony convictions, guilty verdicts or juvenile adjudications attributed to each witness called by the government including but not limited to relevant "rap sheets."

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness.

3. Any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing shelter, transportation, legal services or other benefits; placement in a "witness protection program," informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color testimony.

4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the

witness, and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence.

5. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the defendant, the investigation, or the facts of this case.

6. The existence and identification of each occasion on which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body.

7. Any and all personnel files for the witness, the existence and identify of all federal, state and local government files for the witness and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer.

8. Any and all other records and/or information which arguably could be helpful or useful to the defense impeaching or otherwise detracting from the probative force of the government's evidence or which arguable could lead to such records or information.

9. Any information pertaining to whether the witness has any psychiatric or emotional disorder, or has been treated for alcoholism or drug abuse.

10. Any information pertaining to whether the veracity of the witness has been submitted to polygraph or other veracity-probing examination.

11. Any inconsistent statements or communications of the witness, statements of bias or prejudice against Mr. Omar by the witness, and/or admissions of poor memory or lack of knowledge of the witness.

12. Any evidence inculpating others in the offenses charged, or evidence indicating a witness's refusal to inculpate Mr. Omar.

13. The same records and information requested in items 1 through 12 above with respect to each non-witness declarant whose statements are offered in evidence.

14. Any and all other records and/or information which arguably could be helpful or useful to the defense, in impeaching, or otherwise detracting from the probative force of the prosecution's evidence or which arguable could lead to such records or information.

15. Any information or evidence favorable to the accused which is material to either guilt or punishment.

16. Any coaching of witnesses by prosecutors or law enforcement officers.

This motion is based on the accompanying memorandum of law, the indictment, the records and files in the above-entitled action, and any and all other matters which may be presented prior to or at the time of the hearing of this motion.

Respectfully submitted,

GASKINS BENNETT BIRRELL SCHUPP, LLP

Dated:   2/3/2012      s/ Andrew S. Birrell
Andrew S. Birrell (#133760)
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500

FELHABER LARSON FENLON & VOGT, PA

 s/ Jon M. Hopeman
Jon M. Hopeman (#47065)
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402
(612) 339-6321

ATTORNEYS FOR DEFENDANT