UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-024(2) (MJD/FLN)

---

United States of America,

   Plaintiff,

v.

Mahamud Said Omar,

   Defendant.

**DEFENDANT OMAR'S MOTION FOR DISCLOSURE OF GOVERNMENT FILES AND OTHER INFORMATION REGARDING INFORMANTS AND/OR CONFIDENTIAL HUMAN SOURCES UNDER ATTORNEY GENERAL'S GUIDELINES**

---

Defendant Mahamud Said Omar, by and through his undersigned counsel, hereby moves the Court for an order compelling the Government to disclose the following:

1. The names and addresses of any individuals that constitute informants and/or "Confidential Human Sources" as defined by the December 13, 2006 Attorney General's Guidelines Regarding the Use of FBI Confidential Sources dated December 13, 2006, or any later guidelines, who are or were working with and/or were utilized by law enforcement officials in the above-captioned case;

2. Whether such individuals were alleged to have been active participants in the offenses charged in the indictment;

3. Whether such individuals are witnesses to the offenses charged in the indictment;

4. Whether law enforcement officials followed The Attorney General's Guidelines Regarding the Use of FBI Confidential Human Sources in assessing, engaging, and monitoring said individuals;

236083.1

5.    Internal documentation regarding the propriety of using said individuals as informants and/or cooperating witnesses; and

6.    All information described below which the government is required to maintain by the Attorney General's Guidelines Regarding the Use of FBI Confidential Human Sources, December 13, 2006, or any later guidelines.

The undersigned also moves that the Government be required to make such informants and/or cooperating witnesses available for interview. This motion is based upon Rule 16, Federal Rules of Criminal Procedure, the United States Constitution, Brady v. Maryland, 375 U.S. 83 (1963) and its progeny.

The defense further bases this motion on the following:

1.    The use of confidential informants and/or cooperating witnesses ("CIs") in criminal actions is fraught with peril. They have an incentive to lie. Banks v. Dretke, 540 U.S. 668, 701 (2004) ("This Court has long recognized the 'serious questions of credibility' informers pose.").

2.    For this reason, the Department of Justice has promulgated The Attorney General's Guidelines Regarding the Use of FBI Confidential Human Sources (December 13, 2006).

3.    In Roviaro v. United States, 353 U.S. 53, 60-61 (1957), the Supreme Court held that the Government must identify and produce the informant "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." See also United States v. Barnes, 486 F.2d 776, 780 (8th Cir. 1973).

236083.1                                    2

4.      Our Circuit has held: "[I]f the informant is an active participant in the conduct charged, the informant's identity is 'almost always' material and thus the government must 'make every reasonable effort to have the informant made available to the defendant.'" United States v. Sanchez, 429 F.3d 753, 756 (8th Cir. 2005).

5.      Our Circuit has further held: "Special problems associated with locating and protecting informants may sometimes require the government to produce an informant, even if the defendant already knows the informant's identity." Id. (internal punctuation omitted).

6.      The December 13, 2006 Attorney General's Guidelines Regarding the Use of FBI Confidential Human Sources require among other things:

a.      The FBI conduct an "Initial Evaluation Process," gathering the person's true identity, a photograph, a criminal history, the present motivation, whether the person is under investigation, consideration sought from the government, and promises or benefits given the person.  Sec. II, Validation.

b.      The Confidential Human Source be provided strict written instructions of the requirements of truthfulness and voluntariness, of the prohibition against action independent of the instructions, and of the prohibition against criminal activity.  Sec. II, B, Instructions.

c.      An annual review of the above.  Sec. II, C, Annual Validation Review.

d.     If the Confidential Human Source is a "Senior Leadership Source," special enhanced review provisions are required. Sec. III, A.3.

e.     Special Approvals for sources who are federal prisoners or parolee, or current or former participants in the Federal Witness Security Program, U.S.A.M. §9-12.800, Sec. III B and C.

f.     Strict monitoring, documentation, and accounting of monetary payments made to confidential Human Sources. Sec. IV, C.

g.     Written Limits on authorizations of any illegal activity by the Confidential Human Sources, especially in international terrorism and national security investigations, including written findings as to the necessity for authorizing illegal activity. Sec. VI, Special Notification Requirements.

h.     Disclosure to the prosecutor of "information that is exculpatory to a target of a[n] . . . investigation, or as to a defendant . . . in a federal, state, or local case." Sec. VI, D, Exculpatory Information.

7.     The DOJ's Office of Inspector General has determined that there have been many failures by law enforcement officials to adhere to these DOJ procedures, as well as other internal procedures with respect to the use of informants. Office of Inspector General, The Federal Bureau of Investigation's Compliance with the Attorney General's Investigative Guidelines (Sept. 2005).

8.     Evidence of law enforcement deviations from established procedures is relevant and admissible. United States v. Andreas, 23 F. Supp. 2d 835, 850 (N.D. Ill.

236083.1             4

1998) ("The FBI 'suitability' and 'taping' guidelines are relevant because they show how far the investigation deviated from procedures which are intended to insure the integrity of evidence which is always relevant.").

9.    The defense believes law enforcement officials failed to adhere to Government investigation guidelines in the use of CIs in the present case. The above-listed information must be disclosed.

Dated:  February 14, 2012            FELHABER, LARSON, FENLON & VOGT, P.A.


By:    s/Jon M. Hopeman
        Jon M. Hopeman, #47065
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
(612) 339-6321
(612) 338-0535 (fax)
jhopeman@felhaber.com


- and -


GASKINS, BENNETT, BIRRELL, SCHUPP, L.L.P.


By:    s/Andrew S. Birrell
        Andrew S. Birrell, #133760
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9510
(612) 333-9579 (fax)
abirrell@gaskinsbennett.com

ATTORNEYS FOR MAHAMUD SAID OMAR

236083.1                                    5