UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 09-242 (MJD/FLN)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **RESPONSE BY THE UNITED STATES** |
| | ) | **IN OPPOSITION TO DEFENDANT'S** |
| v. | ) | **MOTION FOR DISCLOSURE OF** |
| | ) | **POLYGRAPH RESULTS** |
| Mahamud Said Omar, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys John Docherty, Charles Kovats, and LeeAnn Bell, and Trial Attorney William Narus, respectfully submits its Response to the Defendant's Motion (Docket No. 100) for Disclosure of Polygraph Examinations. The motion should be denied.

There is, at this juncture, nothing to disclose in any event. No witness in this case has been administered a polygraph examination and asked questions about this case. However, in case the question should arise between now and trial, the United States respectfully submits the following.

**I. POLYGRAPH TEST RESULTS REMAIN GENERALLY INADMISSIBLE IN THE EIGHTH CIRCUIT, EVEN POST-*DAUBERT V. MERRILL DOW PHARMACEUTICALS*.**

Defendant claims that the Eighth Circuit cases banning from evidence polygraph test results pre-date the Supreme Court's decision in *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579

1

(1993), and that the subsequent issuance of the *Daubert* opinion allows a re-evaluation of that ban.  The defendant is incorrect. While a single district court has expressed its view that the *Daubert* case allows a re-evaluation of the *per se* inadmissibility of polygraph evidence, *United States v. Rouse*, 329 F. Supp. 2d 1077, 1083 (D.S.D. 2004)[1], the Eighth Circuit has not reversed itself on this question.  Such opinions as have issued concerning polygraphs since the *Daubert* case was decided have not addressed the question squarely, but the language used should give the defendant little hope of admitting polygraph evidence.  *See*, *United States v. Gill*, 513 F.3d 836, 846 (8th Cir. 2008)("polygraph evidence is disfavored"); *see also, United States v. Iron Cloud*, 171 F.3d 587, 591 (8th Cir. 1999)(polygraph tests "clearly are not admissible in this circuit")(dicta).  In *United States v. Williams*, 95 F. 3d 723, 728-29 (8th Cir. 1996), *cert. denied sub nom. Price v. United States*, 519 U.S. 1082 (1997), the Eighth Circuit did not reach the question of admissibility of polygraph results under *Daubert,* finding the record below too sparse, and instead affirmed the district court's exclusion of the evidence on Rule 403 grounds.

While the Eighth Circuit has not restated its ban on polygraph evidence post-*Daubert*, it has not needed to. Under these

---

[1]    Following this, the District Court applied the *Daubert* standards to the specific polygraph examination and examiner before it, found them unreliable under *Daubert*, and excluded them from evidence. 329 F. Supp. 2d at 1086.

circumstances the ban on polygraph evidence described by defendant in his motion must be acknowledged to remain in effect.

In situations where "two witnesses contradict each other, juries, not polygraphs, determine who is testifying truthfully." *United States v. Swayze*, 378 F.3d 834, 837 (8th Cir. 2004). "'[T]here is simply no consensus that polygraph evidence is reliable.'" *Ortega v. United States*, 270 F.3d 540, 548 (8th Cir. 2001)(*quoting United States v. Scheffer*, 523 U.S. 303, 309 (1998)(upholding a *per se* ban on admissibility of polygraph test results in court martial proceedings)). Polygraph tests are so immaterial that the Supreme Court has held that failure to disclose that a state's witness failed such a test does not violate *Brady v. Maryland*, 373 U.S. 83 (1963). See *Wood v. Bartholomew*, 516 U.S. 1 (1995).

**II.   EVEN IF POLYGRAPH EVIDENCE WERE NOT *PER SE* INADMISSIBLE, EVIDENCE OF POLYGRAPH TEST RESULTS WOULD STILL BE INADMISSIBLE UNDER FED. R. EVID. 403.**

To be admissible, polygraph evidence must be relevant, and its probative value must not be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The polygraph test itself and the results are far more unduly prejudicial than they are probative. *United States v. Williams*, 95 F.3d 723, 728 (8th Cir. 1996); *see also United States v. Gill*, 513 F.3d 836, 846 (8th Cir. 2008)(polygraph is of limited probative value).

In *Scheffer*, the Supreme Court noted the legitimate "risk that juries will give excessive weight to the opinions of a polygrapher, clothed as they are in scientific expertise." 523 U.S. at 313-14. The Court also noted that "litigation over the admissibility of polygraph evidence is by its very nature collateral," *id.* at 314-15, thereby "prolong[ing] criminal trials and threaten[ing] to distract the jury from its central function of determining guilt or innocence." *Id.* at 315. In *United States v. MacEntee*, 713 F.Supp 829, 832 (E.D.Pa. 1989) the court found that evidence of a polygraph test taken by a chief witness for the prosecution would be excluded under Rule 403 because its probative value as to credibility was substantially outweighed by the danger of unfair prejudice caused by the jury attributing a higher value to the test than the scientific evidence justifies, the "rather long" elapsed time between the test and the trial, the difference in subject matter between the questioning during the examination and questioning at trial, and the fact that a significant portion of the witness' testimony consisted of taped conversations between the witness and the defendant. Additionally, in *United States v. Williams*, the Eighth Circuit upheld a district court's exclusion under Rule 403 of the results of a polygraph test given to a government witness where the witness failed a polygraph test involving questions peripheral to the charges against the defendant. 95 F.3d 723 (8th Cir. 1996). Accordingly, ample

4

authority exists for a determination that the danger of unfair prejudice, confusion of the issues, or misleading of the jury would substantially outweigh the probative value of any polygraph evidence.

For all of the foregoing reasons, the defense motion for disclosure of polygraph test results should be denied.

The government takes this position in full knowledge of its obligations under *Brady v. Maryland* and *Giglio v. United States*. If a witness has made a statement that is material to guilt, innocence, or punishment, or could be used to materially impeach the witness, it will be disclosed, notwithstanding that the statement was made in the course of a polygraph examination. However, the fact that the exchange occurred in the course of a polygraph examination would not be disclosable, and if disclosed a motion *in limine* to exclude it from evidence should be granted. But on the other hand, if, for example, a government witness was asked during a polygraph examination about a matter that might, if admitted, be used for impeachment, but the witness denies the examiner's assertion, then the fact that the polygraph examiner opines that the witness was deceitful is immaterial, and need not be disclosed.  This is the position set out in footnote 1 of

*Anderson v. United States* 788 F.2d 517, 519 n. 1 (8th Cir. 1986) - the questions and answers, if exculpatory or impeaching, must be disclosed, but the polygraph test results need not be.

The motion should be denied.


Dated: March 12, 2012                    Respectfully Submitted,


                                         B. TODD JONES
                                         United States Attorney

                                         s/ John Docherty

                                         BY: JOHN DOCHERTY
                                         Assistant US Attorney
                                         Attorney ID No. 017516X

                                         CHARLES J. KOVATS
                                         LEEANN K. BELL
                                         Assistant U.S. Attorneys

                                         WILLIAM NARUS
                                         Trial Attorney
                                         National Security Division