UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 09-242 (MJD/FLN)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **RESPONSE BY THE UNITED STATES** |
| | ) | **TO DEFENDANT'S MOTION TO** |
| v. | ) | **RETAIN ROUGH NOTES AND EVIDENCE** |
| | ) | |
| Mahamud Said Omar, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys John Docherty, Charles Kovats, and LeeAnn Bell, and Trial Attorney William Narus, respectfully submits its Response to the Defendant's Motion (Docket No. 102) to Retain Rough Notes and Evidence.

The United States has no objection to retention of rough notes and evidence. The United States does object to the defendant's motion to the extent it seeks to require disclosure of rough notes or other evidence over and above the disclosures required by the Constitution, federal law, and federal rules of court. Contrary to the assertions set out in defendant's motion rough notes are not "considered statements within the meaning of the Jencks Act." The Jencks Act, Title 18, United States Code, Section 3500(e), defines "statement" with precision. A statement, for Jencks Act purposes, is a written statement made by the witness "and signed or otherwise

adopted or approved by him," 18 U.S.C. §3500(e)(1); "a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement," 18 U.S.C. §3500(e)(2); or "a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury," 18 U.S.C. §3500(e)(3). Only if rough notes fall into one of these categories - if, for example, a witness signs the agent's rough notes of his or her interview - are the notes "a statement within the meaning of the Jencks Act." *See, United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994)(concluding that rough notes are not a statement of a witness as there was no evidence the witness signed, adopted, or approved the notes).

Not only are rough notes not statements of the witness being interviewed, they are also not statements of the agent making the notes. See *United States v. Simtab*, 901 F.2d 799, 808-09 (9th Cir. 1990)(defendant not entitled to disclosure of testifying agent's rough notes because the notes were not Jencks Act material, but simply pieces of information put in writing to refresh the agent's memory); *United States v. Williams,* 875 F.2d 846, 853 (11th Cir. 1989)(defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witness's statements when the bulk of the material was not relevant to the agent's testimony).

The United States will instruct agents involved in the investigation of this case to retain their rough notes, and the evidence in this case.

Dated: March 12, 2012

Respectfully Submitted,

B. TODD JONES
United States Attorney
s/ John Docherty
BY: JOHN DOCHERTY
Assistant US Attorney
Attorney ID No. 017516X

CHARLES J. KOVATS
LEEANN K. BELL
Assistant U.S. Attorneys

WILLIAM NARUS
Trial Attorney
National Security Division