UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 09-242 (MJD/FLN)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **RESPONSE BY THE UNITED STATES** |
| | ) | **TO DEFENDANT'S MOTION FOR** |
| v. | ) | **DISCLOSURE OF POST-CONSPIRACY** |
| | ) | **STATEMENTS OF ALLEGED** |
| Mahamud Said Omar, | ) | **CO-CONSPIRATORS** |
| | ) | |
| Defendant. | ) | |

The United States of America, by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys John Docherty, Charles Kovats, and LeeAnn Bell, and Trial Attorney William Narus, respectfully submits its Response to the Defendant's Motion (Docket No. 104) for Disclosure of Post-Conspiracy Statements of Alleged Co-Conspirators.

The Motion should be denied. Other than the Jencks Act there is no requirement that the government disclose such statements to the defense. *United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981)("Rule 16 of the Federal Rules of Criminal Procedure does not authorize the discovery or inspection of statements made by government witnesses. Furthermore, 18 U.S.C. §3500, known as the Jencks Act, further excepts this material from discovery.") *See also, United States v. Manthel*, 979 F. 2d 124, 126 (8th Cir. 1992) (co-conspirator statements not discoverable under Rule 16); *United*

1

*States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990)(same); *United States v. Vitale*, 728 F.2d 1090, 1094 (8th Cir. 1984) (statements made by the defendant to third parties not discoverable under Rule 16).

In support of his motion, defendant relies on *Bruton v. United States*, 391 U.S. 123 (1968) and the cases following it.  *Bruton* involved a challenge to the admission of a non-testifying co-defendant's out-of-court confession to law enforcement, in which the co-defendant implicated defendant Bruton.  The co-defendant's Fifth Amendment privilege against self-incrimination prevented Bruton from cross-examining his co-defendant about the confession. *United States v. Mahamud Said Omar* is a one-defendant case.  It is hard to understand how, particularly in the wake of *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004)(barring the admission of testimonial hearsay in criminal cases, absent the defendant either having or having had an opportunity to cross-examine the declarant) a *Bruton* issue can arise in a single-defendant prosecution.  *Bruton* gives no support to defendant's argument.

Jencks Act statements by government witnesses will be voluntarily disclosed by the government fourteen days before trial

(see Government Response to Defendant's Motion for Early Disclosure of Jencks Act Materials). The defense motion should be denied.


Dated: March 12, 2012                    Respectfully Submitted,

                                         B. TODD JONES
                                         United States Attorney

                                         s/ John Docherty

                                         BY: JOHN DOCHERTY
                                         Assistant US Attorney
                                         Attorney ID No. 017516X

                                         CHARLES J. KOVATS
                                         LEEANN K. BELL
                                         Assistant U.S. Attorneys

                                         WILLIAM NARUS
                                         Trial Attorney
                                         National Security Division