UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 09-242 (MJD/FLN)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **RESPONSE BY THE UNITED STATES** |
| | ) | **TO SUPPRESS SEARCH AND SEIZURE** |
| v. | ) | **EVIDENCE** |
| | ) | |
| Mahamud Said Omar, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys John Docherty, Charles Kovats, and LeeAnn Bell, and Trial Attorney William Narus, respectfully submits its Response to the Defendant's Motion (Docket No. 115) to Suppress Search and Seizure Evidence.

At the outset, the government objects to the cursory and general nature of this motion. No searches are specified. No specific legal bases are set forth that would, in the defendant's view, require suppression of any evidence seized pursuant to search and seizure. There are no specific facts alleged, either in the motion, or by way of an affidavit or sworn declaration attached to the motion. Rather, we are served with a one sentence motion alleging that "all" evidence must be suppressed because "all" evidence found in a search was obtained in violation of the Fourth,

1

Fifth, and Sixth Amendments, not to mention "statutory procedures" (which are not further specified) relating to search and seizure. Without any guidance, therefore, the United States offers the following.

At the time of his arrest in the Netherlands, Dutch police officers seized from the area of the defendant several papers (including a German driving license in someone else's name and a Swedish ID card in someone else's name), a mobile telephone, and two SIM ("Subscriber Identity Module") cards, which can be used in mobile telephones.  Assuming the Fourth Amendment applies to this foreign search of a non-US citizen, it was a valid, constitutional search.

The requirements of the Fourth Amendment, as applied within the United States, are well-settled.  The Fourth Amendment does not prohibit all governmental searches; only "unreasonable" searches are unconstitutional.  *United States v. Sharpe*, 470 U.S. 675, 682 (1985).  To be a reasonable search, a search must generally either be conducted under the authority of a warrant that is supported by probable cause, or fall within one of several exceptions to the warrant clause.  *Skinner v. Railway Labor Executive's Assn.*, 489 U.S. 602, 619-20 (1989).  Among the exceptions to the Fourth Amendment's warrant clause is a search incident to a lawful arrest. *See generally, United States v. Robinson*, 414 U.S. 218, 224-226 (1973)(giving history of search-incident-to-arrest exception to the

warrant clause).

Outside the United States, however, the Fourth Amendment may not apply to non-U.S. citizens.

The Fourth Amendment protects the right of "the people" to "be secure in their persons, houses, papers, and effects."  This limits the scope of the Fourth Amendment's protections "to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community."  *United States v. Verdugo-Urquidez*, 494 U.S. 259, 261 (1990).  The defendant in this case is a legal permanent resident of the United States.  The *Verdugo-Urquidez* court did not directly hold on the question of whether a legal permanent resident, as opposed to a US citizen, is a member of "the people" protected by the Fourth Amendment.  At the outset, the Court described the question presented as "whether the Fourth Amendment applies to the search and seizure by United States agents of property that is owned by a nonresident alien and located in a foreign country," 494 U.S. at 261.  This statement could be taken as meaning, by negative implication, that resident aliens are protected by the Fourth Amendment, although the Ninth Circuit, in a case following *Vergudo-Urquidez*, described the issue as "yet to be decided."  *United States v. Barona*, 56 F. 3d 1087, 1093-94 (9th Cir. 1995).  However, the Ninth Circuit did not find it necessary to reach the question, *Id.* at 1094.  The Eighth Circuit has not

weighed in on this question.

Whether, in general, resident aliens are members of "the people" however, in this specific case the defendant has voluntarily placed himself beyond the Fourth Amendment's protection. At the time of the search in question, the defendant was seeking to disassociate himself from the United States by seeking political asylum in a foreign country, the Netherlands. As the Ninth Circuit pointed out in *Barona, quoting Verdugo-Urquidez,* the Constitution is a "social contract", and the scope of an alien's rights depends intimately on the extent to which he has chosen to shoulder the burdens that citizens must bear." By this standard, the defendant, a nonresident alien outside the United States who was actively seeking to distance himself from the United States, cannot claim to be protected by the Fourth Amendment.

The government will seek leave to brief these issues further after the Court has heard evidence at the hearing.

In addition to the search in the Netherlands, the United States has applied for, and been issued, a warrant to search the mobile telephone and one SIM card that were seized from the defendant. As of this writing, that search has not been conducted. Should that result in evidence that the government wishes to seek

to admit at trial, and the defendant objects, further litigation may be necessary.


Dated: March 12, 2012                    Respectfully Submitted,

                                         B. TODD JONES
                                         United States Attorney

                                         s/ John Docherty

                                         BY: JOHN DOCHERTY
                                         Assistant US Attorney
                                         Attorney ID No. 017516X

                                         CHARLES J. KOVATS
                                         LEEANN K. BELL
                                         Assistant U.S. Attorneys

                                         WILLIAM NARUS
                                         Trial Attorney
                                         National Security Division