UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Number 09-242 (MJD/FLN)


United States of America,       )
                                )
        Plaintiff,              )       **RESPONSE BY THE UNITED STATES**
                                )       **TO DEFENDANT'S MOTION TO**
            v.                  )       **SUPPRESS WIRE INTERCEPTIONS,**
                                )       **ELECTRONIC SURVEILLANCE,**
Mahamud Said Omar,              )       **AND OTHER EVIDENCE**
                                )
        Defendant.              )


The United States of America, by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys John Docherty, Charles Kovats, and LeeAnn Bell, and Trial Attorney William Narus, respectfully submits its Response to the Defendant's Motion (Docket No. 116) for Suppression of Wire Interceptions, Electronic Surveillance, and Other Evidence.

The Netherlands authorities intercepted some of the defendant's telephone calls in November 2009. Transcripts of those calls, translated into English, have been disclosed to the defendant. The evidence at the hearing will establish that no United States law enforcement agency participated in intercepting these calls.

If American law enforcement had participated in these telephone intercepts to the point that it could be said there was a "joint venture" between US and Dutch law enforcement, then the

1

Dutch telephone intercepts would be admissible only if their interception was reasonable. *See, United States v. Barona*, 56 F. 3d at 1094 and 1096 (finding "joint venture" between US and Danish law enforcement as to four wiretaps in Copenhagen, but finding no joint venture between US and Italian law enforcement as to a fifth wiretap in Milan). There is no uniform test for determining whether a joint venture has been created, *United States v. Yousef*, 327 F.3d 56, 146 (2d Cir. 2005). The inquiry is highly fact specific. *See, United States v. Peterson*, 812 F.2d 486, 488-89 (9th Cir. 1987)(Kennedy, J.) (joint venture found when Drug Enforcement Administration special agents participated substantially in Filipino wiretapping operation - but electronic interception ruled admissible nevertheless because the Fourth Amendment's reasonableness requirement had been met); *United States v. Morrow*, 537 F.2d 120, 140-41 (5th Cir. 1976)(no joint venture when US law enforcement only provided information to foreign law enforcement); *United States v. Abu Ali*, 395 F. Supp. 2d . 338, 381-82 (E.D.N.Y. 2005)(no joint venture, even though U.S. law enforcement observed Saudi questioning of suspect, and asked Saudi officers to ask particular questions; however, final decision on what questions to ask was a Saudi decision, and only some, not all, of the questions recommended by the US observers were asked).

The case at bar, however, is not a difficult case, because whatever the term "joint venture" might mean, as a review of the

cases above show, there is no case, and there could as a matter of logic be no case, in which a joint venture is found in the complete absence of any "joint" activity at all.

Accordingly, the Dutch telephone intercepts are beyond the scope of the Fourth Amendment, because the US Government did nothing to bring them about or to influence them in any way. There was no joint venture. The wiretap evidence is therefore admissible.


Dated: March 12, 2012                    Respectfully Submitted,

                                         B. TODD JONES
                                         United States Attorney

                                         s/ John Docherty

                                         BY: JOHN DOCHERTY
                                         Assistant US Attorney
                                         Attorney ID No. 017516X

                                         CHARLES J. KOVATS
                                         LEEANN K. BELL
                                         Assistant U.S. Attorneys

                                         WILLIAM NARUS
                                         Trial Attorney
                                         National Security Division