UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-024(2) (MJD/FLN)

United States of America,

        Plaintiff,

v.

Mahamud Said Omar,

        Defendant.

**MOTION IN LIMINE TO EXCLUDE ACTS AND STATEMENTS IN THE NETHERLANDS**

The Defendant, Mahamud Said Omar, by his counsel, moves in limine for the following relief:

1.     For an Order barring evidence as to his alleged acts in the Netherlands, namely abandonment of his identification documents.

2.     For an Order barring evidence as to his alleged statements as to his identity and purpose in the Netherlands to Dutch Immigration authorities.

Our grounds are these:

Discovery has revealed the government's contention that upon arrival in the Netherlands in August of 2009, Mr. Omar abandoned his American identification documents. He told Dutch Immigration authorities he was someone other than who he was.

These acts and statements should not be admitted, nor should the government even be permitted to inquire into them. They are irrelevant under Fed. R. Evid. 402 and more prejudicial than probative under Fed. R. Evid. 403.

Exactly what occurred is unclear because the statements were given by Mr. Omar in Somali Af-mai, translated into Dutch, and later translated into English.

Whatever it was, it occurred in late 2009, after the time of the crimes alleged in the indictment, September 2007 through August 20, 2009.

Whatever it was, it occurred before Mr. Omar was even aware of the charges in this case. The indictment was not unsealed until November 23, 2009. It cannot be said his acts and words were the result of a consciousness of his own guilt. The Court should scrutinize the facts and circumstances and reject the evidence. United States v. Blue Thunder, 604 F.2d 550, 556 (8th Cir.), cert. denied, 444 U.S. 902 (1979). When there is no evidence that a defendant's flight, or concealment, is because he knows he is wanted for a crime, the evidence is inadmissible. United States v. White, 488 F.2d 660, 662 (8th Cir. 1973). The evidence must suggest defendant's flight was prompted by considerations related to the crime in question. United States v. Peltier, 585 F.2d 314, 323 (8th Cir.), cert. denied, 440 U.S. 945 (1979).

The evidence should not be admitted.

Respectfully submitted,


GASKINS BENNETT BIRRELL SCHUPP, LLP


Dated: __September 10, 2012___    __s/ Andrew S. Birrell_____
Andrew S. Birrell (#133760)
Paul C. Dworak (#391070)
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402
(612) 333-9500


FELHABER LARSON FENLON & VOGT, PA


__s/ Jon M. Hopeman_____
Jon M. Hopeman (#47065)
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402
(612) 339-6321

ATTORNEYS FOR DEFENDANT

3