UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 09-242 (MJD/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **RESPONSE OF THE UNITED STATES** |
| | ) | **TO DEFENDANT'S MOTION *IN*** |
| v. | ) | ***LIMINE* TO SEQUESTER WITNESSES** |
| | ) | |
| MAHAMUD SAID OMAR, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, through its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys John Docherty, Charles J. Kovats, Jr., and LeeAnn K. Bell, and Justice Department Trial Attorney William M. Narus, respectfully submits this Response to the Defendant's Motion *in Limine* to Sequester Witnesses (Docket No. 228).

The United States has no objection to the sequestration of witnesses, as provided for by Fed. R. Crim. P. 615.  That rule allows several exceptions to an order of sequestration, including a representative of a party to be in the courtroom notwithstanding a witness sequestration order.  As the Advisory Committee Notes to Fed. R. Evid. 615 state, this exception has usually been applied to allow a police officer in charge of an investigation to be present during trial, and indeed, the ability of the government to have its

case agent present in court throughout trial is well recognized in this district.  This is so even though the case agent (FBI Special Agent Kiann VanDenover) may be called as a prosecution witness.

The government will have a second FBI Special Agent (Michael Cannizzaro) in the courtroom helping to ensure that witnesses are in court when needed, and assisting with other logistical matters as they come up.  This second agent will not be testifying in this trial, and we therefore believe him to be outside the scope of any sequestration order the Court may enter.

In addition, the government notes that witnesses should be able to attend the trial once they have finished testifying.  This is because the point of a sequestration order is to prevent a witness, before they themselves testify, from hearing the testimony of other witnesses.  The government is going to call as witnesses

several family members of young men who traveled to Somalia.  These family members may wish to attend the trial once they have testified.  The government believes this should be allowed.


Dated:    September 17, 2012        Respectfully Submitted,

                                    B. TODD JONES
                                    United States Attorney


                                    S/ John Docherty

                                    BY: JOHN DOCHERTY
                                    Assistant US Attorney
                                    Attorney ID No. 017516X

                                    CHARLES J. KOVATS, JR.
                                    LEEANN K. BELL
                                    Assistant U.S. Attorneys

                                    WILLIAM M. NARUS
                                    Trial Attorney
                                    National Security Division
                                    U.S. Department of Justice