UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 09-242 (MJD/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **RESPONSE OF THE UNITED STATES** |
| | ) | **TO DEFENDANT'S MOTIONS *IN*** |
| v. | ) | ***LIMINE* FOR ATTORNEY-CONDUCTED** |
| | ) | **VOIR DIRE AND FOR INDIVIDUAL** |
| MAHAMUD SAID OMAR, | ) | **VOIR DIRE** |
| | ) | |
| Defendant. | ) | |

The United States of America, through its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, Assistant United States Attorneys John Docherty, Charles J. Kovats, Jr., and LeeAnn K. Bell, and Justice Department Trial Attorney William M. Narus, respectfully submits this Response to the Defendant's Motions *in Limine* for Attorney-Conducted Voir Dire (Docket No. 227) and for Individual Voir Dire (Docket No. 226). In the Motion for Individual Voir Dire, the defendant also asks that the jury be sequestered for the entire length of the trial.

The United States opposes the defendant's request for jury sequestration and for one-at-a-time questioning of venire members. The United States takes no position on the question of allowing attorneys to ask questions of potential jurors.

The jury selection method proposed by the defense, one-on-one questioning of jurors, is used in Minnesota state court, but only in cases of first degree murder. See Minn. R. Crim. P. 26.02,

1

subd. 4(3)(b).  Those individuals participating in this trial who have experience in the state system know that it is a method of jury selection that often requires a week or more to seat a jury. The defense asserts that the nature of the charges in this case and the defendant's ethnic background require such a jury selection method, as does one of the questions to be asked (whether the venire member has heard of this case).  There is no reason these concerns cannot be addressed in a less cumbersome and inefficient way than individualized questioning of venire members.

The District Court for the District of Minnesota has proven success in handling large, high-publicity trials without resorting to the methods outlined in the defendant's two motions.  Why the defense thinks this case is so different from other cases as to require these methods is not clear.  To take one example, the defense is concerned with questioning venire members about what they have heard about the case, stating that if one person being questioned states an answer in open court the other members of the jury panel would hear it and be, apparently, contaminated.  What the defendant does not explain is why, if the Court agrees that this is a legitimate concern, jurors who raise their hand in response to a question about having heard of the case could not, for example, be called one at a time to the bench to discuss what they have heard.

As to jury sequestration, this is an extraordinarily harsh way

2

to treat a jury in a trial that will likely last two and one-half to three weeks.  We anticipate the jury will be instructed to avoid exposing themselves to publicity about the case, and will be instructed not to talk about the case with anyone, even other members of the jury.  Jurors are presumed to follow instructions. *United States v. Chipps*, 410 F.3d 438, 449 (8th Cir. 2005); *United States v. Delpit*, 94 F.3d 1134, 1144 (8th Cir. 1996).

In its Request for Voir Dire (Docket No. 213) the United States expressed the hope that it would be permitted to ask "additional, appropriate" questions after the Court has finished its examination.  We recognize that the number of additional and appropriate questions remaining to be asked after the Court has conducted its examination will probably be zero.  The government will follow whatever format the Court deems appropriate for the conduct of voir dire, and has no preference for one over the other. The defendant states, without elaboration of his reasoning, that attorney-conducted voir dire is the best way of rooting out prejudiced potential jurors.  There is no reason given for believing this to be so.

The government respectfully requests that the jury in this case be selected and questioned just as it would be in any other criminal case, and that the jury not be sequestered during trial.


Dated: September 17, 2012          Respectfully Submitted,

                                   B. TODD JONES
                                   United States Attorney


                                   S/ John Docherty

                                   BY: JOHN DOCHERTY
                                   Assistant US Attorney
                                   Attorney ID No. 017516X

                                   CHARLES J. KOVATS, JR.
                                   LEEANN K. BELL
                                   Assistant U.S. Attorneys

                                   WILLIAM M. NARUS
                                   Trial Attorney
                                   National Security Division
                                   U.S. Department of Justice