UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                                          **ORDER**
                                                        Criminal No. 09-242 (MJD/FLN)

Mahamud Said Omar,

      Defendant.

_____

      John Docherty, Charles J. Kovats, Jr. and LeeAnn K. Bell, Assistant United States Attorneys and William M. Narus, Trial Attorney, U.S. Department of Justice, Counsel for Plaintiff.

      Andrew S. Birrell and Paul C. Dworak, Gaskins Bennett Birrell Schupp, LLP and Jon M Hopeman, Felhaber Larson Fenlon & Vogt, PA, Counsel for Defendant.

_____

1.      **Defendant's Motion to Exclude or Limit Expert Testimony and For a <u>Daubert</u> Hearing [Doc. No. 218]**

The Defendant objects to Matthew Bryden and/or Evan Kohlmann

testifying as experts with respect to the following opinions:

      a.      that certain armed groups in Somalia committed U.N. sanctions violations;

      b.      that al-Shabaab is connected with al-Quaeda;

      c.      that al-Shabaab has certain theological objectives, including imposition of Sharia law;

d.     that al-Shabaab has destroyed cemeteries, beheaded apostates, stoned adulterers, and amputated limbs of thieves;

e.     that there were five coordinated suicide bombings in Somalia on October 29, 2008;

f.     that the bombings include features which show that al-Shabaab organized them; and

g.     that Matthew Bryden's friend, a Somali peace activist, was killed and Matthew himself was targeted by al-Shabaab and did not go to Mogadishu for a time.

Defendant argues that the experts should not be allowed to testify to these topics, as they are not relevant, are overly prejudicial, and would not be helpful to the jury. In addition, there is no evidence to connect the five coordinated bombings to this Defendant.

Defendant also asks the Court to conduct a <u>Daubert</u> hearing to determine whether Bryden and Kohlmann are qualified to testify as to arson/explosive investigations and whether their analytical techniques have been peer reviewed. Finally, the Defendant argues that testimony that Bryden and a friend of his were targeted by al-Shabaab is overly prejudicial and irrelevant, and is meant to bestow heroic status to the witness.

Evan Kohlmann is a recognized expert in international terrorism and terrorist organizations, including al-Shabaab. (Government Ex. 1.) Kohlmann was previously qualified as an expert in <u>United States v. Ali et al.</u> No. 10-187,

2

2011 WL 4583826, at * 5 (D. Minn. Sept. 30, 2011).  Although Kohlmann did not testify in the Ali trial, he has testified as an expert before military commissions at Guantanamo Bay and several foreign courts.  In this case, the government asserts that Kohlmann will testify to the existence of support networks, including financial and logistical support, for al-Shabaab; the utility of foreign fighters to al-Shabaab; the use of safe-houses and other temporary lodging arrangements in order to vet aspiring recruits and for other purposes.  Kohlmann will also likely testify as to the structure and leadership of al-Shabaab, including key leaders who visited or were involved in the Marka safe house.  Kohlmann will also testify as to training camps and al-Shabaab videos used as propaganda tools.

Matthew Bryden was also qualified as an expert in the Ali case.  2011 WL 4583826 at *4.  He is a recognized expert, and has 20 years field experience in the Horn of Africa.  He has studied, worked and reported on Somalia and the Somali conflict.  (Ex. 2.)  Bryden will testify as to Somalia's history, geographic location and sociology, including the discussion of jihadist armed groups in Somalia.  He will also testify as to details about al-Shabaab, including its political, military and theological objectives, its relationship with al-Quaeda, al-Shabaab's designation as a foreign terrorist organization, its institution of strict Sharia law - including

the destruction of cemeteries, stonings for adultery, beheadings of so-called apostates, amputations of thieves and similar actions. Other topics of his testimony will include the coordinated five bombings in November 2008, one of which involved Shirwa Ahmed, formerly of Minneapolis, who killed himself attacking the Puntland Intelligence Service in Bossaso.

The Defendant is charged with providing material support to a foreign terrorist organization - al-Shabaab. Accordingly, evidence about al-Shabaab is highly relevant to the jury's determination of fact issues, such as whether al-Shabaab engaged in acts that fall within the statutory definition of "terrorism." The government asserts that throughout the trial, it will present evidence to prove the Defendant's ties to al-Shabaab, but the focus of the expert's testimony will be explaining the nature of al-Shabaab and its activities and its connection to al-Quaeda, and its theological objectives.

As to the coordinated bombings, evidence as to the features of the bombings and how they were carried out goes to the issue of whether the bombings were carried out by al-Shabaab. The government then intends to prove Defendant's connection to the bombings through his contact with Shirwa Ahmed - who resided in the Marka safehouse at the same time the Defendant

did, and who, like the Defendant, resided in Minneapolis.

The Court finds that the government has sufficiently demonstrated that Kohlmann and Bryden are qualified to provide expert testimony in this case. The Court further finds that the topics to be addressed by Kohlmann and Bryden are areas which are traditionally within the scope of expert testimony. See, e.g., United States v. Delpit, 94 F.3d 1134, 1145 (8th Cir. 1996) (finding that expert can testify as to jargon and code words used by drug dealers). Further, the Court finds such testimony relevant to the issues to be tried in this case, which involves charges of providing material support to a foreign terrorist organization. See United States v. Hammoud, 381 F.3d 316, 337-38 (4th Cir. 2004) vacated on other grounds by 543 U.S. 1097 (2005) relevant portions reinstated by 405 F.3d 1034 (4th Cir. 2005) (finding that expert testimony on the structure and leaders of terrorist organizations is appropriate in a material support to terrorism case).

In addition, the Court finds there is no need for a Daubert hearing, as the record sufficiently demonstrates that Kohlmann and Bryden are qualified to provide testimony relating to the five coordinated suicide bombings. See United States v. Solorio-Tafolla, 324 F.3d 964, 965-66 (8th Cir. 2003). Defense counsel is free to challenge these experts' qualifications during cross-examination.

Accordingly, the Defendant's motion to exclude certain expert testimony and for a Daubert hearing will be denied.

### 2.    Defendant's Motion for Information on Expert Compensation [Doc. No. 221]

Defendant requests information as to the compensation that will be paid to the government's expert witnesses.  The Court has been informed that the government has provided the requested information.  Accordingly, this motion will be dismissed as moot.

### 3.    Defendant's Motion to Bar Government from Branding Defendant With Perjorative Terms [Doc. No. 222]

Defendant moves to preclude the government from referring to him as a terrorist, Jihadi, Mujahedin, Al Queda, Islamist, weapons trafficker or other like names, and barring reference to September 11, 2001.  The government responds that it will not use those terms to describe the Defendant, but such terms will likely be mentioned at trial in the course of the government's case in chief as the Defendant is charged with providing material to a foreign terrorist organization.

The government further asserts that it does not expect to elicit any testimony regarding September 11, 2001, but that its experts may make a passing reference to such date when providing context for events in Somalia or with

respect to the international flow of foreign fighters.

The Court finds that the use of the terms "terrorist" or "terrorism" and the like are necessary in a case involving the charges of providing material support to a foreign terrorist organization.  In fact, defense counsel used the word "terrorist" in describing on the of the government's witnesses.  In addition, a passing reference to September 11, 2001 to provide context will not establish undue prejudice.  Accordingly, the motion will be denied.

### 4.   Defendant's Motion to Bar Government from Proving or Commenting to Jury on Policy or Law Enforcement Reasons for Statutes [Doc. No. 223]

Defendant argues that comments by the government as to the public policy or law enforcement reasons for the passage of a criminal statute are not probative of whether a defendant violated such statute and may create prejudice in the minds of the jurors.  United States v. Norton, 639 F.2d 427, 429 (8th Cir. 1981).

The government responds that it does not intend to comment as to the public policy or law enforcement reasons behind criminal statutes, and assumes the Defendant will similarly refrain from such commentary.

Based on the government's response, the motion is moot.

**5.     Defendant's Motion to Exclude Acts and Statements in the Netherlands [Doc. No. 224]**

Defendant moves the Court to exclude any evidence that the Defendant abandoned his identification documents in the Netherlands and any statements as to his identity and his purpose in the Netherlands that he made to Dutch Immigration Officials.

The government asserts that it does not intend to make this evidence part of its case-in-chief. The government asserts that if the Defendant testifies at trial, this evidence should be available to use on cross-examination, as such evidence goes to his credibility. Fed. R. Evid. 611(b).

The Court will reserve this motion should the Defendant choose to testify.

**6.     Defendant's Motion to Exclude Statements Under Confrontation Clause [Doc. No. 225]**

Defendant moves to exclude statements by citizens to police officers as to telephone numbers on the basis of hearsay. Defendant argues that these statements, from the officers, are inadmissible hearsay. Defendant further argues that such statements violate the Confrontation Clause of the Sixth Amendment, as they are statements meant to establish or prove past events. Crawford v. Washington, 541 U.S. 36 (2004); Michigan v. Bryant, 131 S.Ct. 1143 (2011).

The government responds that it does not intend to question law enforcement officers on the issue of statements by citizens as to telephone numbers; instead the government will substitute other witnesses as to this evidence.

Based on the government's representations, the motion will be dismissed as moot.

**7.    Defendant's Motion for One-On-One Jury Selection and Sequestration [Doc. No. 226]**

Given the vast amount of publicity this case has received, and the fact that Defendant is a member of three groups that are reviled by some citizens of this country - Somali, Islamic and charged with terrorism-related offenses - Defendant requests one-on-one voir dire to prevent one prospective juror's view from contaminating those of other prospective jurors, and will promote candid responses.

This Court has vast experience handling high-publicity trials and finds that conducting one-on-one jury selection is an unnecessarily time-consuming process. The concerns raised by the Defendant can be addressed through the use of questions designed to identify persons with biases that will affect their ability

to be an impartial juror, and by questioning prospective jurors at the bench, outside of the hearing of the other prospective jurors, if necessary. Accordingly, the request to conduct one-on-one jury selection will be denied.

The Defendant also asks that the jury be sequestered throughout the trial, given the publicity that has, and will be, generated. The Court intends to instruct the jury that they are not to read articles or listen to reports about the case, and that they cannot talk or otherwise communicate with anyone about the case, through any means, including the internet and social media. Accordingly, the motion to sequester the jury will also be denied.

**8.    Defendant's Motion for Attorney-Conducted Voir Dire [Doc. No. 227]**

The Court will grant the parties the opportunity to conduct voir dire.

**9.    Defendant's Motion to Sequester Witnesses [Doc. No. 228]**

The government has no objection to the sequestration of witnesses. The government requests that case agent Kiann VanDenover be allowed to sit at counsel table. The government would also note that a second FBI agent will be present in the courtroom to handle witnesses, Michael Cannizzaro, but he will not be called as a witness. The motion will be granted.

**10.** **Defendant's Motion to Bar Government Witnesses from Testifying to the Meaning of Common, Everyday Language [Doc. No. 229]**

Defendant argues that the government's witnesses, specifically Matthew Bryden, should not be permitted to testify to the meaning of calls, where the participants are speaking in the Somali language. Defendant argues that the calls use common, everyday language, and that there is no code or slang used which requires the testimony of an expert. Defendant argues that where a jury can make a common sense determination of the meaning of tapes without the assistance of a technical expert, expert testimony should not be used. United States v. Davis, 457 F.3d 817, 824 (8th Cir. 2006).

The government responds that expert assistance will be needed with respect to the calls at issue. For example, in a call from November 12, 2008, the Defendant states that "our men" have captured Marka. The jury must be informed that Marka is a city in Somalia, and should be shown on a map where the city is located. The jury should also be told that on November 12, 2008, al-Shabaab captured Marka.

The government further asserts that in a call on November 2, 2008, coded language was used for cities in Somalia; K-Town, M-Town and Pissing-Town. A

participant of this call will explain to the jury what cities these terms refer to, and will point them out on a map.  The witness should also be able to provide context to the call by explaining the level of al-Shabaab activity in those cities.  Expert testimony is proper to explain references and code words on intercepted telephone calls.  See, e.g., United States v. Placensia, 352 F.3d 1157, 1164-65 (8th Cir. 2003).

The Court finds that the government has sufficiently demonstrated that Bryden's testimony as to certain terms - although they appear to be common terms - is necessary to assist the jury in understanding the context, and therefore the meaning, of the taped conversations.  The motion will therefore be denied.

**11.    Government's Motion to Bar Defendant from Presenting Evidence or Argument About an Alleged Mental Disease or Defect [Doc. No. 231]**

The government asserts that if the Defendant intends to introduce expert evidence as to a mental condition bearing on the issue of guilt, the Defendant must notify the government in writing of this intention and file a copy of the notice with the Clerk.  Fed. R. Crim. P. 12.2.  The government requested discovery related to any insanity or mental illness defense in February 2012.  To date, the Defendant has not provided any notice as required under Rule 12.2 and

has stated that he does not intend to call any expert witnesses at trial.

The government asserts that the Defendant should be precluded from offering any lay opinions about any mental disease or defect or other mental condition of the Defendant.  See Burns v. Gannon, 173 F.3d 1089, 1096 (8th Cir. 1999) (in dicta, noting there was nothing objectionable in the district court's ruling precluding lay testimony as to diminished capacity or lack of specific intent).  The government therefore moves to preclude the Defendant from presenting any evidence, argument or otherwise, inferring that the Defendant might suffer from a mental disease or defect.

Defendant responds that he is not claiming insanity or mental illness as a defense.  He argues, however, that he is entitled to present evidence of the circumstances under which he is alleged to have made statements - which goes to his state of mind.  Crane v. Kennedy, 476 U.S. 683, 689 (1986) (finding that the physical and psychological environment that yielded confession has substantial relevance to the ultimate factual issue of guilt or innocence).

The Court will grant the motion.  The Defendant is precluded from offering evidence or argument as to mental illness or defect.  The Defendant shall, however, be allowed to offer lay witness testimony as to the witness's

observations of the Defendant at different times.

### 12. Government's Motion Barring Defendant from Arguing that He Believed His Conduct Was Lawful [Doc. No. 232]

The government moves to preclude the Defendant from arguing that the government must prove that he knew his conduct was lawful.  He may argue that he did not have the requisite mens rea for the charged offenses, including an intent to provide material support or resources or knowledge of the objects of the conspiracies.  The law does not require the government to prove the Defendant knew his conduct violated federal law or a specific statute, however.  United States v. Feola, 420 U.S. 671, 687 (1975).

Defendant argues that the Court should reserve its ruling on this issue until such time as the Court addresses the jury instructions.  The Court agrees, and will reserve ruling on this motion at this time.

### 13. Government's Motion Regarding the Laws of War [Doc. No. 233]

The Defendant is charged with conspiracy to murder, kidnap or maim persons outside the United States.  Possible defenses to a charge of murder include self defense, justification or combat immunity.  The government asserts that the Defendant has provided no notice that he intends to rely on any

affirmative defenses and has not made a prima facie showing to support such a defense. The government thus requests that the Court preclude the Defendant from advancing any of these defenses at trial.

In response, the Defendant states he will not assert any of these affirmative defenses at trial. Defendant argues, however, that arguments, evidence and lines of inquiry that bear on those affirmative defenses may still be relevant to other issues and potential defenses. For example, the fact that the Ethiopian military was committing violent acts on the Somali people, and the fact that many members of the Somali community encouraged young men to travel to Somalia to join al-Shabaab suggests that someone, other than the Defendant, provided these men with money for guns and plane tickets.

The Court will grant the government's motion. If the Defendant intends to rely on the defense that others in the Somali community - not the Defendant - had encouraged young people to go to Somalia and fight for al-Shabaab, the Defendant must bring forth admissible evidence to support such a defense.

**14.     Government Motion in Limine to Preclude References Before the Jury to Government Activities [Doc. No. 234]**

The government moves the Court for an Order precluding the Defendant

from eliciting testimony or making arguments or objections before the jury

regarding: 1) the government's decision to charge the Defendant; 2) the

government's investigative steps or actions; 3) allegations of outrageous

government conduct; 4) motivation for investigating or prosecuting the

Defendant; 5) commentary regarding discovery before the jury; and 6) use of

agent reports and summaries of intercepted communications during cross-

examination of a witness.  Defendant responds that he does not intend to argue

or comment on these topics.  If an issue concerning discovery arises during the

trial, the Defendant can bring the appropriate motion, and the Court will hear

argument outside the hearing of the jury.

Accordingly, the motion will be dismissed as moot.

### 15.    Government Motion in Limine to Bar the Defendant from Mentioning Penalties [Doc. No. 235]

The government requests that the Court preclude the Defendant from

introducing evidence, making argument or otherwise mentioning the potential

penalties faced by the Defendant if convicted.  United States v. Fenner, 600 F.3d

1014, 1023 n.4 (8th Cir. 2010) ("We agree with the Government that any reference

to sentencing would have been improper.")  Defendant responds that it is

16

improper to argue penalties as to the Defendant to the jury, but argues that

penalties may be addressed during the cross-examination of the government's

cooperating witnesses.

Based on the above, this motion will be granted.

**IT IS HEREBY ORDERED that:**

1.      Defendant's Motion to Exclude or Limit Expert Testimony and for a

        Daubert Hearing [Doc. No. 218] is **DENIED**;

2.      Defendant's Motion for Information on Expert Compensation [Doc.

        No. 221] is **DISMISSED AS MOOT**;

3.      Defendant's Motion to Bar the Government from Branding the

        Defendant with Perjorative Terms [Doc. No. 222] is **DENIED**;

4.      Defendant's Motion to Bar the Government from Proving or

        Commenting to the Jury on Policy or Law Enforcement Reasons for

        Statutes [Doc. No. 223] is **DISMISSED AS MOOT**;

5.      Defendant's Motion to Exclude Acts and Statements in the

        Netherlands [Doc. No. 224] is **RESERVED**;

6.      Defendant's Motion to Exclude Statements Under Confrontation

        Clause [Doc. No. 225] is **DISMISSED AS MOOT**;

7.    Defendant's Motion for One-On-One Jury Selection and

Sequestration [Doc. No. 226] is **DENIED**;

8.    Defendant's Motion for Attorney-Conducted Voir Dire [Doc. No.

227] is **GRANTED**;

9.    Defendant's Motion to Bar Government Witnesses from Testifying to

the Meaning of Common, Everyday Language [Doc. No. 229] is

**DENIED**;

10.    Government's Motion to Bar Defendant from Presenting Evidence or

Argument About Mental Disease or Defect [Doc. No. 231] is

**GRANTED**;

11.    Government's Motion Barring Defendant from Arguing He Thought

his Conduct was Lawful [Doc. No. 232] is **RESERVED**;

12.    Government's Motion Regarding Laws of War [Doc. No. 233] is

**GRANTED**;

13.    Government's Motion to Preclude References to Government

Activities [Doc. No. 234] is **DISMISSED AS MOOT**; and

14.   Government's Motion to Bar the Defendant from Mentioning

Penalties [Doc. No. 235] is **GRANTED**.



Date: September 26, 2012            s/Michael J. Davis
                                   Michael J. Davis
                                   Chief Judge
                                   United States Court District