UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 09-242 (MJD/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **MOTION BY THE UNITED STATES TO** |
| | ) | **EXCLUDE EVIDENCE CONCERNING THE** |
| v. | ) | **HISTORY OF VUGHT PRISON AND THE** |
| | ) | **DEATH PENALTY** |
| MAHAMUD SAID OMAR, | ) | |
| | ) | |
| Defendant. | ) | |

The defense has made clear, both in opening statement and in cross-examination on Thursday, October 11 of Somali linguist Abdirahman Dahir, that it will allege that conditions at Vught Prison in the Netherlands are harsh.  In support of that allegation, the defense may be tempted to seek to elicit evidence about the history of the site of Vught Prison.  Since evidence of what was on the Vught site 70 years ago is of no relevance to this case, it should be excluded under Fed. R. Evid. 402, which limits admissibility to relevant evidence.  Also, because injecting the history of this site into the proceedings would be highly, and unfairly, prejudicial, that line of questioning should also be barred under Fed. R. Evid. 403.  The defense opening also twice mentioned the defendant's apprehension of facing the death penalty if extradited to the United States.  Any evidence about the death penalty should also be excluded, and for similar reasons.

## ARGUMENT

Rule 403 of the Federal Rules of Evidence says:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

When one does an online search about Vught, one finds numerous sources referencing the fact that during the Second World War the area now occupied by Vught Prison was the site of a Nazi transit camp.  There is presently a public museum just outside the prison gates that commemorates those who passed through the site during the war.

That fact is completely and utterly irrelevant to this trial in that it has no tendency to make any fact at issue more or less likely. There is no reason to put this information before the jury. Because Fed. R. Evid. 403 applies only to the exclusion of "relevant evidence", one need not even apply a Fed. R. Evid. 403 balancing test in this case.  There is no relevance, and extraordinary prejudice; accordingly, the questions should not be asked of the witness.

The defense claim about the death penalty should be analyzed the same way.  Over ten thousand pages of discovery have been furnished to the defense in this case; the death penalty is not

mentioned in even one of them.  There has never been any discussion of the death penalty as an option in this case.

The defense should be ordered not to seek to elicit testimony or other evidence about the past history of the site of Vught Prison, and should also be ordered not to seek to elicit, or to discuss in any way in front of the jury, the death penalty.

Respectfully submitted,

Dated: October 12, 2012      B. TODD JONES
                             United States Attorney

                             s/ John Docherty


                             BY: JOHN DOCHERTY
                             Assistant U.S. Attorney
                             Attorney I.D. No. 017516X

                             CHARLES J. KOVATS
                             LEEANN K. BELL
                             Assistant U.S. Attorneys

                             WILLIAM NARUS
                             Trial Attorney
                             National Security Division

3