JURY INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial or during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than any other of my instructions. All instructions, whenever given and whether in writing or not, must be followed.

JURY INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think your verdict should be.

JURY INSTRUCTION NO. 3

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated - that is, formally agreed to by the parties, and the facts that have been judicially noticed - that is, facts which I say you may, but are not required to, accept as true, even without evidence.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

l. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.  Anything you saw or heard about this case outside the courtroom is not

evidence.

JURY INSTRUCTION NO. <u>4</u>

The government and the defendant have stipulated, that is agreed, that if FBI Special Agents Howard Ellis, Michael Plunkett, and Fred Stephens and FBI Fingerprint Examiner Daniel Lien and FBI Forensic Scientist Rhonda Craig were called as witnesses, they would testify in the way counsel stated pursuant to their stipulation. You should accept that stipulation as being their testimony just as if it had been given here in court from the witness stand.

JURY INSTRUCTION NO. 5

There are two types of evidence which are generally presented during a trial - direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

JURY INSTRUCTION NO. 6

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

JURY INSTRUCTION NO. <u>7</u>

Among the exhibits admitted during the trial were recordings that contained conversations in the Somali language.  You were also provided English transcripts of those conversations. The transcripts were provided to you by the government so that you could consider the content of the conversations on the recordings.  Whether a transcript is an accurate translation, in whole or in part, is for you to decide.  You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made.  You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

JURY INSTRUCTION NO. 8

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

JURY INSTRUCTION NO.  9

The testimony of a witness may be discredited or impeached by showing that he previously made statements which are inconsistent with his present testimony.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness, and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a witness is shown to have knowingly testified falsely concerning any important or material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

JURY INSTRUCTION NO. 10

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's demeanor or because of the inherent improbability of his testimony or for other reasons sufficient to you that such testimony is not worthy of belief.

JURY INSTRUCTION NO. 11

You have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

JURY INSTRUCTION NO. 12

You have heard evidence that some prosecution witnesses have made plea agreements with the government.  Their testimony was received in evidence and may be considered by you.  You may give their testimony such weight as you think it deserves.  Whether or not their testimony may have been influenced by their plea agreement is for you to determine.  You should make this determination for each witness individually, and not for such witnesses as a group.

The witness's guilty plea cannot be considered by you as any evidence of defendant Mahamud Said Omar's guilt.  The witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

JURY INSTRUCTION NO. 13

You will remember that certain summaries and/or charts were admitted in evidence. You may use those summaries and/or charts as evidence.

JURY INSTRUCTION NO. _14_

There is no burden upon a defendant to prove that he is innocent.

Accordingly, the fact that the defendant did not testify must not be considered by

you in any way or even discussed, in arriving at your verdict.

JURY INSTRUCTION NO. 15

The charges in this case are as follows:

Count 1 of the Indictment charges that the defendant conspired with others known and unknown to provide material support and resources, in the form of financial support and personnel, knowing that the support and resources would be used in preparation for and in carrying out a conspiracy to kill or maim persons in a foreign country.

Count 2 of the Indictment charges that the defendant provided material support and resources, in the form of financial support and personnel, knowing that the support and resources would be used in preparation for and in carrying out a conspiracy to kill or maim persons in a foreign country.

Count 3 of the Indictment charges that the defendant conspired with others known and unknown to provide material support and resources, in the form of financial support and personnel, to a designated Foreign Terrorist Organization, specifically, to al Shabaab.

Count 4 of the Indictment charges that the defendant provided material support and resources, in the form of financial support and personnel, to a designated Foreign Terrorist Organization, specifically, to al Shabaab.

Count 5 of the Indictment charges that the defendant conspired with others to kill or maim persons outside the United States.  Count 5 of the Indictment also alleges that the travel of nine men - Shirwa Ahmed, Salah Osman Ahmed, Kamal Said Hassan, Ahmed Ali Omar, Abdifatah Isse, Khalid Mohamud Abshir, Zakariah Maruf, Mohamed Abdullahi Hassan, and Mustafa Ali Salat - are what are called overt acts in furtherance of a conspiracy.

The defendant has pleaded not guilty to the five charges.

As I told you at the beginning of the trial, an indictment is simply an accusation.  It is not evidence of anything.  To the contrary, the defendant is presumed to be innocent.  Thus, the defendant, even though charged, begins the trial with no evidence against him.  The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each element of the crime charged.

Keep in mind that each count charges a separate crime.  You must consider each count separately, and return a separate verdict for each count.

JURY INSTRUCTION NO. 16

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the Indictment, begins the trial with a "clean slate" - with no evidence against him. The Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act in the most important of their affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act

upon it.  However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Unless the government proves beyond a reasonable doubt that the defendant has committed each and every element of an offense charged in the Indictment, you must find the defendant not guilty of that offense.  If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilt - the jury must, of course, adopt the conclusion of innocence.

JURY INSTRUCTION NO. 17

You have heard testimony that the defendant made statements to the FBI.

It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.

In making these two decisions you should consider all of the evidence,

including the circumstances under which the statement may have been made.

JURY INSTRUCTION NO.  18

The Court will now read the Indictment.

JURY INSTRUCTION NO. 19

The Indictment charges that the offenses alleged in each count were committed "on or about" a certain date.  Although it is necessary for the government to prove beyond a reasonable doubt that each offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

JURY INSTRUCTION NO.  20

Count 1 of the Indictment alleges that from in or about September 2007, through on or about August 20, 2009, the defendant conspired with others known and unknown to provide material support or resources in preparation for, or to carry out, a conspiracy to murder or maim outside of the United States.

In order to find the defendant guilty of the offense charged in Count 1, you must find each of the following three elements to have been proven beyond a reasonable doubt:

*One*, that sometime after in or about September 2007 and before August 20, 2009 two or more persons reached an agreement or came to an understanding to provide material support or resources;

*Two*, that the defendant voluntarily and intentionally joined in the agreement or understanding either at the time it was first reached or at some later time while it was still in effect, knowing or intending that the material support or resources provided were to be used in preparation for, or in carrying out, a conspiracy to murder or maim outside of the United States; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

JURY INSTRUCTION NO.  21

Count 2 of the Indictment alleges that from in or about September 2007 through August 20, 2009 the defendant provided material support or resources knowing or intending that the material support or resources were to be used in preparation for or in carrying out a conspiracy to murder or maim outside of the United States.

In order to find the defendant guilty of the offense charged in Count 2, you must find each of the following two elements beyond a reasonable doubt:

*One*, that the defendant did provide or attempt to provide material support or resources; and

*Two*, that the defendant did so knowing or intending that the material support or resources were to be used in preparation for or in carrying out a conspiracy to murder or maim outside of the United States.

The defendant may also be found guilty of Count 2 even if he personally did not do every act constituting the offense if he aided and abetted the provision of material support or resources to a conspiracy to murder or maim outside of the United States.

In order to have aided and abetted the commission of a crime the

defendant must, before or at the time the crime was committed:

*First*, have known that the provision of material support or resources to a conspiracy to murder or maim outside of the United States was being committed or going to be committed;

*Second*, have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the offense of providing material support or resources to a conspiracy to murder or maim outside of the United States; and

*Third*, have known or intended that his support would be used in preparation for or in carrying out the commission of the offense of providing material support or resources to a conspiracy to murder or maim outside of the United States.

For you to find the defendant guilty of providing material support to a conspiracy to murder or maim outside the United States by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of providing material support or resources to a conspiracy to murder or maim outside of the United States were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

25

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

JURY INSTRUCTION NO.  22

The phrase "conspiracy to murder or maim outside of the United States" means an agreement between two or more individuals to commit outside of the United States an act that would constitute the offense of murder or the offense of maiming if committed in the United States.

As used in Instruction Nos. 20, 21 and 29, "murder" means unlawful killing with "malice aforethought."  "Malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences of one's acts to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the individual killed.  The requirement that the killing be unlawful simply means that the government must prove the elements of murder as the Court has defined them.

To "maim" is to intentionally cut off or disable the limb of a person, or cut, bite, or slit their nose, eyes, ears, lips or tongue with an intent to disfigure or disable the individual.

JURY INSTRUCTION NO.  23

For Counts 1 and 2, the "material support or resources" need not have been provided to a particular or specified terrorist or terrorist group.  In addition, the "material support or resources" need not have been provided before or after any date, so long as they are provided within the dates set forth in the Indictment, that is, from in or about September 2007 through August 20, 2009. The "material support or resources" must have been provided knowing or intending that the material support or resources were to be used in preparation for, or to carry out, a conspiracy to commit an act outside of the United States that would constitute the offense of murder or maiming if committed within the jurisdiction of the United States.

JURY INSTRUCTION NO. 24

The defendant has been charged in Count 3 with violating 18 U.S.C. § 2339B, which makes it a crime against the United States to conspire to provide material support or resources to a Foreign Terrorist Organization.

In order to find the defendant guilty of the offense charged in Count 3, you must find each of the following three elements beyond a reasonable doubt:

*One*, that after March 18, 2008 and before August 20, 2009, two or more persons reached an agreement or came to an understanding to provide material support or resources to a Foreign Terrorist Organization, namely al Shabaab;

*Two*, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

JURY INSTRUCTION NO. 25

To assist you in determining whether there was an agreement or understanding to provide material support and resources to a designated Foreign Terrorist Organization, namely al Shabaab, as charged in Count 3 of the Indictment, you are advised that the offense of providing material support and resources to a Foreign Terrorist Organization has five elements and that they are:

*One*, that the defendant knowingly or intentionally provided material support or resources;

*Two*, that the defendant knew that the support or resources was going to the organization commonly known as al-Shabaab;

*Three*, that the organization commonly known as al-Shabaab previously had been designated as a Foreign Terrorist Organization by the United States Secretary of State;

*Four*, that the defendant knew that one or more of the following conditions existed:

      a.    That the organization commonly known as al-Shabaab had been designated as a Foreign Terrorist Organization; *or*

      b.       That the organization commonly known as al-Shabaab has engaged or engages in terrorist activity; *or*

      c.       That the organization commonly known as al-Shabaab has engaged or engages in terrorism;

and

*Five*, that one or more of the following three conditions is met:

      a.       The defendant is an alien lawfully admitted for permanent residence in the United States; *or*

      b.       The offense occurred in whole or in part within the United States; *or*

      c.       The offense occurred in or affected interstate or foreign commerce.

For purposes of the fourth and fifth elements, you must unanimously agree which condition or conditions are met.

There is no requirement that the government prove that the defendant acted with the specific intent to further the terrorist activities of the organization.

31

JURY INSTRUCTION NO. 26

For purposes of Counts 1, 2, 3, and 4, the Indictment alleges that the "material support or resources" provided or conspired to be provided, as the case may be, took the form of financial support or personnel.

The term "provide" means to make available, furnish, or supply.

For Counts 1 and 2, the term "personnel" means one or more persons, which can include the defendant's own person; for Counts 3 and 4, "personnel" means one or more individuals (which can include the defendant himself) to work under the designated foreign terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who acted entirely independently of the designated foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

In determining whether the defendant conspired to provide material support or resources you must all agree that the defendant conspired to provide either financial resources or personnel. However, you need not agree that the defendant conspired to provide both. In order to find the defendant guilty of

32

Count 1, 2, 3, or 4, you must unanimously agree on one or the other of the forms of "material support or resources" alleged in the Indictment. You may find the form of "material support or resources" to be different in different counts, but the specific form of "material support or resources" must be unanimously agreed upon by the jury as to each count.

For Counts 3 and 4, the term "interstate commerce," as used in these instructions, means trade, or business, or travel, between one or more states, territories, or possessions of the United States, including the District of Columbia. The term "foreign commerce," as used in these instructions, means to be involved in or to effect in some way, trade, or business, or travel between any state, territory, or possession of the United States and a foreign country.

JURY INSTRUCTION NO. 27

In order to find the defendant guilty of the crime of providing material support or resources to a designated foreign terrorist organization, namely al Shabaab, as charged in Count 4 of the Indictment, the government must prove each of the following five elements:

*One*, that the defendant knowingly or intentionally provided material support or resources;

*Two*, that the defendant knew or intended that the support or resources was going to the organization commonly known as al-Shabaab;

*Three*, that the organization commonly known as al-Shabaab previously had been designated as a Foreign Terrorist Organization by the Secretary of State;

*Four*, that the defendant knew that one or more of the following conditions existed:

        a.    That the organization commonly known as al-Shabaab had been designated as a Foreign Terrorist Organization; *or*

        b.    That the organization commonly known as al-Shabaab has engaged or engages in terrorist activity; *or*

c.     That the organization commonly known as al-

Shabaab has engaged or engages in terrorism;

and

*Five*, that one or more of the following three conditions is met:

a.     The defendant is an alien lawfully admitted for permanent

residence in the United States; *or*

b.     The offense occurred in whole or in part within the

United States; *and/or*

c.     The offense occurred in or affected interstate or

foreign commerce.

For purposes of the fourth and fifth elements, you must unanimously agree which condition or conditions are met.

There is no requirement that the government prove that the defendant acted with the specific intent to further the terrorist activities of the organization.

The defendant may also be found guilty of Count 4 even if he personally did not do every act constituting the offense if he aided and abetted the provision of material support or resources to a designated foreign terrorist organization.

In order to have aided and abetted the commission of a crime the

defendant must, before or at the time the crime was committed:

*First*, have known that the provision of material support or resources to a designated foreign terrorist organization was being committed or going to be committed;

*Second*, have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the offense of providing material support or resources to a designated foreign terrorist organization; and

*Third*, have known or intended that his support would be used in preparation for or in carrying out the commission of the offense of providing material support or resources to a designated foreign terrorist organization.

For you to find the defendant guilty of providing material support to a designated foreign terrorist organization by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of providing material support or resources to a designated foreign terrorist organization were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

JURY INSTRUCTION NO. 28

For Counts 3 and 4, there are several other terms I must define for you.

The term "Foreign Terrorist Organization" has a particular meaning under this statute. In order for an organization to qualify as a "Foreign Terrorist Organization," it must have been designated as such by the Secretary of State through a process established by law. I have previously taken judicial notice of the facts that, on February 26, 2008, the United States Secretary of State designated "al-Shabaab" as a Foreign Terrorist Organization, and that this designation became legally effective on March 18, 2008 when the designation was published. The Indictment alleges that the offenses alleged in Counts 3 and 4 all took place after the date on which the designation of al-Shabaab by the Secretary of State was published in the *Federal Register*. Specifically, Counts 3 and 4 are alleged to have taken place from on or about March 18, 2008 through on or about "the present," which for this indictment means the date on which it was filed, August 20, 2009. I have also taken judicial notice of the fact that throughout the period of time indicated in Counts 3 and 4, al-Shabaab remained designated as a Foreign Terrorist Organization. As I instructed you at the time I took judicial notice of these facts, the final decision whether or not to accept these facts as true

is for you to make and you are not required to agree with me.

The term "terrorist activity" is defined as any activity which is unlawful under the laws of the place it was committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any particular State), and which involves any of the following: (1) the seizing or detaining, and threatening to kill, injure, or continue to detain another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (2) an assassination; (3) the use of any explosive, firearm, or other weapon or dangerous device other than for mere personal monetary gain, with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; and (4) a threat, attempt, or conspiracy to do any of the above acts.

To "engage in terrorist activity" means, in an individual capacity or as a member of an organization - (1) to commit or to incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity; (2) to prepare or plan a terrorist activity; (3) to gather information on potential targets for terrorist activity; (4) to solicit funds or other

things of value for a terrorist activity or a designated terrorist organization. The government need only prove at least one type of terrorist activity, but you must all agree on which type or types have been proven.

The term "terrorism" means a premeditated, politically-motivated violence perpetrated against non-combatants targeted by sub-national groups or clandestine agents.

JURY INSTRUCTION NO. 29

For Count 5, in order for defendant to be found guilty of conspiracy to murder or maim outside of the United States as charged in the Indictment, the government must prove each of the following four elements beyond a reasonable doubt:

*First*, sometime between in or about September 2007 and August 20, 2009, two or more persons reached an agreement or came to an understanding to commit an act outside of the United States that would constitute the offense of murder or the offense of maiming, if committed within the jurisdiction of the United States;

*Second*, the defendant knowingly and willfully became a member of that conspiracy;

*Third*, the defendant conspired with one or more other persons while the defendant was physically within the jurisdiction of the United States; and

*Fourth*, one of the persons involved in the conspiracy performed, within the United States, at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

40

JURY INSTRUCTION NO.  30

Counts 1, 3, and 5 of the Indictment each charge a conspiracy crime.  I shall discuss with you briefly the law relating to conspiracies.  The government must prove that the defendant reached an agreement or understanding with at least one other person.  It makes no difference whether that person is named in the Indictment.  You do not have to find that all of the persons identified in the Indictment were members of the conspiracy.

The "agreement or understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.  Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding.  A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and

41

without knowing who all the other members are.  Further it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding.  A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

You must decide, after considering all of the evidence, whether the conspiracies alleged in Counts 1, 3, and 5 existed.  If you find that the alleged conspiracies did exist, you must also decide whether the defendant voluntarily and intentionally joined each conspiracy, either at the time they were first formed or at some later time while they were still in effect.  In making that decision, you must consider only evidence of the defendant's own actions and statements.

JURY INSTRUCTION NO. 31

For the conspiracy charged in Count 5, the government must prove beyond a reasonable doubt that an "overt act" was done in furtherance of the conspiracy.

It is not necessary that the "overt act" done in furtherance of the conspiracy be in itself unlawful. It may be perfectly innocent in itself.

It is not necessary that the defendant have personally committed the act, known about it, or witnessed it. It makes no difference which of the conspirators did the act. This is because a conspiracy is a kind of "partnership" so that under the law each member is an agent or partner of every other member and each member is bound by or responsible for the acts of every other member done to further their scheme.

It is not necessary that the government prove, beyond a reasonable doubt, that more than one act was done in furtherance of the conspiracy. It is sufficient if the government proves beyond a reasonable doubt, one such act; but in that event, in order to return a verdict of guilty, you must unanimously agree upon which act was done.

Certain overt acts are specified in the Indictment in Count 5. The government is not limited in its proof to establishing overt acts specified in the

indictment.  You may agree on an overt act done in furtherance of the conspiracy which has not been alleged in the Indictment.

JURY INSTRUCTION NO. 32

It is not necessary for the government to prove that the conspirators

actually succeeded in accomplishing their unlawful plan.

JURY INSTRUCTION NO. 33

You may consider acts knowingly done and statements knowingly made by a defendant's co-conspirators during the existence of the conspiracy and in furtherance of it as evidence pertaining to the defendant even though they were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant had joined the conspiracy, for a person who knowingly, voluntarily and intentionally joins an existing conspiracy is responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

JURY INSTRUCTION NO. __34__

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

JURY INSTRUCTION NO. 35

It is not necessary for the government to prove that the defendant knew he was breaking the law.

JURY INSTRUCTION NO.  36

Upon retiring to your jury room to begin your deliberations, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest convictions, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges - judges of the facts of this case.  Your sole interest is to seek the truth from the evidence

received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is meant to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

For your convenience a Form of Verdict has been prepared that includes each of the five counts in the Indictment.

[THE COURT WILL READ THE VERDICT FORM]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts on each count, you will have your foreperson write your verdicts, and you will each date and sign the verdict form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the court security officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the court security officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

During deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smart phone,

51

iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the

case.  This would unfairly and adversely impact the judicial process.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.